IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ULRICK HILLMAN                                                    PETITIONER

v.                              Case No. 4:19-cv-04138 SOH-BAB

DEXTER PAYNE, Director,                                           RESPONDENT
Arkansas Division of Correction

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Ulrick Hillman ("Hillman"), filed a Petition for Writ of a *Habeas Corpus* pursuant to 28 U.S.C. § 2254 on October 17, 2019.  ECF No. 1.[1]  At the time the Petition was filed, Plaintiff was incarcerated in the Arkansas Department of Corrections ("ADC") - Ouachita River Correctional Unit.   The Petition was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.  Director Dexter Payne ("Respondent"), filed a Response on December 18, 2019, arguing the Petition should be dismissed.  ECF No. 14.  On June 25, 2020, Hillman filed a Reply.  ECF No. 19.  For the reasons set forth below, the Court recommends the Petition be **DENIED** and the case **DISMISSED**.

### I.  BACKGROUND

Hillman was charged in the Circuit Court of Miller County, Arkansas, with the crime of rape pursuant to Ark. Code Ann. § 5-14-103.  ECF No. 14-2, p. 6.  He was represented by defense attorney Jasmine Crockett in the case.  Deputy Prosecuting Attorney Kristian Robertson filed a motion in limine on April 23, 2018, asking the trial court to exclude evidence of other sexual acts,

---

[1] That same day, the Court entered an order appointing Travis Morrissey as counsel for Petitioner.  ECF No. 2.

other sexual partners, or other sexual behavior of the victim.  ECF No. 14-2, p. 16.  The court granted the motion stating "…on the sexual rape shield statute, obviously, you can't go into anything about that without approaching the bench and asking me about that…"  *Id.* at p. 166.

At the close of jury selection trial counsel made the following challenge to the composition of the jury:

> …the panel that we have as relates to the number of potential jurors that were drawn the first thirty, there were a total of three African American men on the panel. The court got through all three of the African American men. The state used fifty percent of their strikes on African American men. The first one being Ken Atkins, who was number six, and then they, also, chose to strike Phillip O'Donald , who was number twenty-three, and uh, and then the other two strikes were on non African Americans, but considering the fact that the majority, or half of their strikes were used on African American men, and then considering the fact that there were only a total of three that potentially could have been called, and sixty-six percent, they struck sixty-six percent of them. At this time, Your Honor, I'm raising a Batson challenge, and asking for them to respond with race neutral reasons for striking Mr. O'Donald and Mr. Atkins…

ECF No. 14-2, pp. 103-104.  The court responded pointing out "there was an African American juror selected, Mr. Roberts, and he's on the jury."  *Id.* at p. 104.  The court also stated Ms. Crockett should have made the motion at the time the State exercised their strikes and "even though at this point, the court does not find that there's any pattern of any racial discrimination with the use of the strikes, because there is a member of the defendant's race placed on the jury."  *Id.*

The court then allowed the State to explain the reasoning behind the strikes.  The State indicated Mr. Atkins was struck because, in a previous jury panel, he indicated he would not convict in a rape case without physical evidence of the defendant's guilt, such as DNA evidence. ECF No. 14-2, p. 105.  As for Mr. O'Donald, the State explained that Hillman's criminal attorney – Ms. Crockett – had appeared on O'Donald's radio show, that O'Donald had agreed with her numerous times during *voir dire*, and that O'Donald's daughter had been the victim in a previous

2

case and he may have had some animosity towards the State because of the outcome of the case. *Id.* at pp. 108-109.  After hearing the State's response, the court determined the State's reasons for striking Atkins and O'Donald from the jury were race neutral.  *Id.* at p. 109-111.

The trial began on April 26, 2018.  At the close of the State's case, Ms. Crockett made a motion for directed verdict arguing:

> …the state has presented no evidence of any force…As well as the fact that no DNA has actually been found that can be tied to my client. We've heard expert testimony on that issue as well, and the only thing that we were told is that there was a Y-STR which could not exclude him, but did not necessarily, positively, identify him in this matter…they're missing force in this, as well as the fact that they are missing anything biologically, even though the testimony of the victim was that there wasn't a condom or anything like that used, and so, therefore, there should not be the absence of scientific evidence…

ECF No. 14-2, pp. 601-602.  The State responded stating DNA is not an element of rape, and the State was not required to present any DNA evidence.  In addition, the State argued the victim's testimony that Hillman held her arms down with his knees, pushed his legs down between her legs, and forcibly put his penis into her vagina was sufficient evidence of force.  *Id.* at p. 602.

The Court denied the motion for directed verdict stating there was enough evidence to present the question of fact as to whether Hillman committed the offense of rape to the jury.  *Id.* at p. 603.  Ms. Crockett renewed her previous motion for directed verdict on the same grounds previously argued after all evidence was presented for Hillman.  ECF No. 14-2, p. 627.  The Court once again denied the motion for the reasons previously stated.  *Id.*  On April 27, 2018, the jury found Hillman guilty of rape and sentenced him to a term of ten years in the ADC.  *Id.* at pp. 21-22.

On May 10, 2018, Ms. Crockett filed a motion to withdraw as counsel for Hillman stating she was employed to represent him through trial and after the trial he fired her from any further

representation.  ECF No. 14-2, p. 29.  Hillman was granted indigent status on May 18, 2018, and Phillip McGough was appointed as counsel for Hillman's appeal.  *Id.* at p. 32.

On May 21, 2018, Mr. McGough filed a Notice of Appeal of the jury's verdict and the sentence.  ECF No. 14-2, p. 33.  On appeal, he challenged the sufficiency of the evidence supporting the conviction reiterating the arguments made during the trial in the motions for directed verdict – no evidence of force and inconclusive DNA.  ECF No. 14-3.  McGough did not appeal the trial court's denial of the *Batson* challenge.  On February 13, 2019, the Arkansas Court of Appeals issued an opinion affirming Hillman's conviction ruling the evidence was sufficient to support the conviction for rape.  ECF No. 14-5; *Hillman v. State*, 2019 Ark. App. 89, 569 S.W.3d 372.

On March 26, 2019, Hillman timely filed a petition for post -conviction relief *pro se* in the trial court pursuant to Arkansas Rule of Criminal Procedure 37.  ECF No. 14-6.  Hillman claimed his trial counsel was ineffective for failing to meet with him and prepare for his trial, for failing to file a motion to introduce evidence of the victim's sexual history, and for failing to object to "secondary" witnesses from the crime lab.  *Id.* at p. 3.  He also alleged the prosecutor engaged in misconduct by failing to introduce evidence of the victim's sexual history and by withholding a felony warrant for the victim.  In addition, Hillman argued one of the prosecutors – Kristian Robertson – "…represented me during my pre-trial, we went over my case, she told me not to worry that it wouldn't go to trial, and when it went to trial she was the prosecuting attorney. This is a major conflict of interest."  *Id.* at p. 4.  Plaintiff also claimed his appellate counsel had been ineffective for failing to raise a *Batson* challenge on appeal and because he failed to discuss the appeal with him.  *Id.*

In response to Hillman's Rule 37 Petition, Ms. Robertson filed an affidavit with the court explaining before she became employed with the Miller County Prosecutor's Office, she helped Ms. Crockett obtain a continuance in Hillman's criminal case.  ECF No. 14-7.  Ms. Robertson averred, "I did not know anything about the charge, I did not know anything about [Hillman], I did not administer any legal advice to [Hillman]."  Ms. Roberson went on to say she only obtained Hillman's signature on the motion for continuance and signed the motion for Ms. Crockett.  *Id.*

Hillman's appellate counsel, Mr. McGough, also replied to Hillman's allegations in the Rule 37 Petition.  ECF No. 14-7, 14-8.  McGough stated the arguments he made on behalf of Hillman on appeal were limited to what had been preserved by trial counsel.  McGough chose to challenge the sufficiency of the evidence based on trial counsel's motions for directed verdict.  He stated his consideration of what issues to raise on appeal was limited to the record and, though he never consulted Hillman about the appeal, Hillman never contacted him with any concerns or points he thought should be pursued on appeal.  *Id.*

The trial court gave Plaintiff an opportunity to respond to the replies by Ms. Robertson and Mr. McGough but Plaintiff did not respond.  ECF No. 14-9.  On July 1, 2019, the trial court dismissed Hillman's Rule 37 Petition without a hearing ruling it was "without merit."  ECF No. 1, p. 20.  Specifically, the court found Hillman failed to explain how his trial counsel was ineffective for failing to attempt to introduce inadmissible evidence about the victim's sexual history and his "general statement that his attorney failed to go over his case [with him] is not persuasive that she was ineffective."  *Id.*  The court also found Hillman's ineffective assistance claims concerning the crime lab witnesses to be "conclusory[,]" as he did not explain how he was prejudiced by the testimony or how his trial counsel should have attacked the testimony.

The trial court also found Prosecutor Robertson's involvement in prosecuting Hillman's case did not prejudice him because she did not represent Hillman during pre-trial proceedings but "merely stood in for a continuance motion" for his trial counsel. The court also found Hillman provided no evidence to support his claim the prosecutors withheld an arrest warrant for the victim or how it would have impacted his trial. Finally, the court found Hillman "provide[d] no evidence to suggest that his appeals attorney was ineffective." ECF No. 1, p. 20. The trial court did not address Hillman's claim relating to his *Batson* challenge.[2] Plaintiff did not appeal the trial court's denial of his Rule 37 Petition.

## II.  THE INSTANT PETITION

On October 17, 2019, Hillman timely filed the instant Petition *pro se* pursuant to 28 U.S.C. § 2254 alleging the following grounds for relief:  (1) ineffective assistance of trial counsel for failing to introduce the medical examiner's notes regarding the victim's sexual history; (2) ineffective assistance of trial counsel for failure to object to testimony by police officer "Wayne Lasly"; (3) the trial court erred by denying a "batson challenge created an impartial jury and an impartial trial striking over 50% of the African American males"; (4) the prosecutor engaged in misconduct because she previously represented him in his criminal case; (5) the prosecutor withheld evidence of an arrest warrant for the victim in violation of his due process rights under *Brady v. Maryland;* (6) the prosecutor engaged in misconduct by failing to introduce the "victim's interview with medical examiners violated my Sixth Amendment right"; and (7) his appellate attorney was ineffective "for not contacting me before filing the appeal, not presenting the Batson

---

[2] *Batson* claims are not cognizable in Rule 37 proceedings but must instead be raised at trial and on direct appeal. *See Reams v. State,* 2018 Ark. 324, 560 S.W. 3d 441, 449-450.

challenge, and not contacting me when it was denied".   ECF No. 1.  Hillman does not describe the specific relief he is seeking.

Respondent argues the Petition should be dismissed because: (1) all of Hillman's claims are procedurally defaulted because he failed to appeal the denial of his Rule 37 Petition to the highest state court; (2) Hillman has not established cause for his procedural default; and  (3) all of Plaintiff's claims fail on the merits and the adjudication of those claims by the state courts are due deference under 28 U.S.C. § 2254(d).  ECF No. 14.   Hillman's appointed counsel filed a Reply arguing Plaintiff's claims should not be procedurally defaulted but instead should be considered on the merits.  ECF No. 19.

## III.  DISCUSSION

Based on the record, the Court finds it is not necessary to conduct an evidentiary hearing to rule on Hillman's Petition.  "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart,* 726 F.2d 1316, 1318-19 (8th Cir. 1984).  The Court will first address the issue of whether Hillman's claims are procedurally defaulted.

### A.  Procedural Default

Before seeking federal *habeas* review, a state prisoner must exhaust available state remedies, giving the state the opportunity to correct alleged violations of a prisoner's federal rights, "which means he must 'fairly present' his claim in each appropriate state court to alert that court to the claims' federal nature."  *Baldwin v. Reese,* 541 U.S. 27, 29 (2004); 28 U.S.C. § 2254 (b) and (c) (requiring state prisoner seeking federal *habeas* relief to exhaust all remedies available in

7

the state courts).  When a *habeas* petitioner fails to raise his federal claims in state court, he deprives the state of "an opportunity to address those claims in the first instance" and frustrates the state's ability to honor his constitutional rights.  *Cone v. Bell,* 556 U.S. 449, 465 (2009) (quoting *Coleman v. Thompson,* 501 U.S. 722, 732 (1991)).  Therefore, when a *habeas* petitioner defaults his federal claims by failing to raise them in state court in compliance with the relevant state procedural rules, federal *habeas* review is barred unless the petitioner can demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or alternatively, demonstrate that failure to consider his claims will result in a fundamental miscarriage of justice.  *Id.*; *Coleman,* 501 U.S. at 750.

Hillman filed a timely petition for post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure.  However, he did not appeal the denial of this petition to the Arkansas Court of Appeals.  By failing to appeal the decision, Hillman failed to develop the factual basis for his claims in state court proceedings as required by 28 U.S.C. § 2254(e)(2), and his claims are procedurally barred.  The Court also finds based on the record, the procedural bar of Hillman's claims is not excused by any cause for the default and actual prejudice, nor will the failure to consider his claims result in a fundamental miscarriage of justice.  *See Coleman,* 501 U.S. at 750.

The record confirms Hillman's failure to appeal the denial of his Rule 37 Petition by the trial court to the Arkansas Court of Appeals did not arise from his efforts being thwarted by the conduct of another, or some other external impediment, but from his own inaction.  Hillman describes his reason for not appealing the Rule 37 Petition to the highest state court having jurisdiction as follows: "The Court never informed me that I could appeal a rule 37. I filed pro se and was unaware."  ECF No. 1, pp. 4, 6, 9, 10, 16, 17, 19.  The law is clear that an inmate's

ignorance of applicable law will not serve to excuse his failure to fully develop his claims in state court.  *See Stanley v. Lockhart,* 941 F.2d 707, 710 (8th Cir. 1991) (*pro se* status and limited education background do not constitute sufficient cause to excuse a procedural default) (internal citations omitted).

Moreover, the trial court informed Hillman he had a right to file a reply to the pleadings filed by Ms. Robertson and Mr. McGough, but he chose not to do so.  The record shows the factual and legal bases for Hillman's claims were well known to him at the time of his initial appeal and Rule 37 Petition.  Hillman's Rule 37 Petition raised most of the same claims he now asserts in this action.  Hillman has not alleged his claims rely on facts that could not have been previously discovered through the exercise of due diligence.  Because no cause has been established for Hillman's procedural default, it is unnecessary to consider whether he has demonstrated prejudice.  *Abdullah v. Groose,* 75 F.3d 408, 413 (8th Cir. 1996) (*enbanc*).

Hillman has not demonstrated adequate cause for his failure to exhaust his available state court remedies, nor has he alleged or shown actual innocence to support a fundamental miscarriage of justice argument.  Accordingly, Hillman's claims are inexcusably procedurally defaulted, and I recommend all his claims be dismissed.

### B.  Analysis of Hillman's Claims on the Merits

Even if the Court assumes, *arguendo,* that Hillman's claims for *habeas* relief are not procedurally defaulted, as set forth below the Court finds the claims also fail on the merits.[3]  Congress has prohibited federal courts from granting *habeas corpus* relief unless a state court's

---

[3] *See Nance v. Norris,* 392 F.3d 284, 291 (8th Cir. 2004) (holding that a *habeas* court may bypass a procedural issue and deny relief on the merits).

adjudication of a constitutional claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. §2254(d) (1). The question is not whether a federal court believes the state court's ruling was incorrect, but whether the decision by the state court was unreasonable – a substantially higher threshold. *See Williams v. Taylor,* 529 U.S. 362 (2000).

The United States Supreme Court has made clear this standard is "difficult to meet," *Harrington v. Richter,* 562 U.S. 86, 102 (2011), requiring "a state prisoner show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Id.* at p. 103. A federal *habeas* court "will not lightly conclude that a state's criminal justice system has experienced the 'extreme malfunction[n]' for which federal *habeas* relief is the remedy." *Burt v. Titlow,* 571 U.S. 12, 20 (2013) (citing *Richter,* 562 U.S. at 104). "The state court need not cite or even be aware of the governing Supreme Court cases, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" *Brown v. Luebbers,* 371 F.3d 458, 461 (8th Cir. 2004) (citing *Early v. Packer,* 537 U.S. 3, 8 (2002)).

**1) Ineffective assistance of trial counsel**

In Ground One of the Petition, Hillman claims his trial counsel was ineffective by failing to introduce the medical examiner's notes regarding the victim's sexual history.

Under the standards set forth in *Strickland v. Washington,* 466 U.S. 668 (1984), "[a] defendant who claims to have been deprived of effective assistance of counsel must show: (1) that his lawyer's representation fell below an objective standard of reasonableness; and (2) that the lawyer's deficient performance prejudiced the defendant." *Abernathy v. Hobbs,* 748 F.3d 813, 816

(8th Cir. 2014).   "A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance."  *Harrington v. Richter,* 562 U.S. 86, 104 (quoting *Strickland,* 466 U.S. at 689).   To demonstrate prejudice, the petitioner must demonstrate a reasonable probability that the result of the proceeding would have been different but for counsel's unreasonably deficient performance. *Id.*

"Taking AEDPA and *Strickland* together establishes a 'doubly deferential' standard of review in § 2254 cases."[4]  *Abernathy,* 748 F.3d at 817 (quoting *Williams v. Roper,* 695 F.3d 825, 831 (8th Cir. 2012)).   "Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d)."  *Harrington,* 562 U.S. at 105.   Instead, when reviewing an ineffectiveness claims under § 2254(d), "the question is not whether counsel's actions were reasonable.   The question is whether there is any reasonable disagreement that counsel satisfied *Strickland's* deferential standard."  *Id.*

Pursuant to the rape-shield statute, Arkansas Code Annotated Section 16-42-101(b) (Repl. 1999), as well as Arkansas Rule of Evidence 411(b) (2016), "specific instances of the victim's prior sexual conduct with the defendant or any other person…is not admissible by the defendant, either through direct examination of any defense witness or through cross-examination of the victim or other prosecution witness, to attack the credibility of the victim, to prove consent or any other defense, or for any other purpose."  The purpose of the rape-shield statute is to shield victims of rape or sexual abuse from the humiliation of having their sexual conduct, unrelated to the

---

[4] "AEDPA" stands for the Antiterrorism and Effective Death Penalty Act of 1996.

pending charges, paraded before the jury and the public when such conduct is irrelevant to the defendant's guilt.  *State v. Cossio,* 2017 Ark. 297, at 5, 529 S.W.3d 620, 623.

Here, the State filed a pretrial motion to prevent any mention of the victim's sexual history, and the trial court granted the motion.  ECF No. 14-2, p. 166.  Based on this record, the Rule 37 court denied relief on Hillman's ineffective assistance claim because his counsel could not be ineffective for failing to file an unmeritorious motion – that is, a motion "which in essence would seem to violate the rape-shield statute."  ECF No.1, p. 20.  *See also Rodriguez v. United States,* 17 F.3d 225, 226 (8th Cir. 1994).  The Rule 37 court concluded that Hillman's petition altogether failed to explain how the evidence he complained of would have been admissible at trial.  Under Arkansas law, any attempt by Hillman's trial counsel to introduce evidence of the victim's sexual history would have been futile, and counsel's failure to pursue a meritless argument does not constitute ineffective assistance.  *E. g., Rodriguez,* 17 F.3d at 226.  Although the Rule 37 court's decision did not refer to *Strickland* in its ruling, its reasoning was not contrary to *Strickland*, nor was it based on an unreasonable determination of the facts in light of the evidence in the record and therefore should be entitled to deference.  *See Worthington v. Roper,* 631 F.3d 487, 495-97 (8th Cir. 2011) (giving AEDPA deference to a State post-conviction court's merits adjudication of a claim later raised in federal *habeas*).

In Ground Two of the Petition, Hillman claims his trial counsel was ineffective for failing to ask for a mistrial based on Officer Wayne Easley's testimony regarding the lack of credibility of the statement Hillman gave police denying the rape.  Hillman did not raise this issue on direct appeal or in his Rule 37 Petition.  The testimony at issue was elicited by Hillman's counsel.  On cross examination Ms. Crockett questioned Officer Easley about how police developed probable

cause to arrest Hillman.  ECF No. 14-2, pp. 197-210.  Easley testified although Hillman, in his statement to police, denied having sex with the victim the DNA test revealed "[Hillman's] DNA inside of [the victim].  *Id.* at p. 205.  Easley testified the results of the DNA test led to probable cause to arrest Hillman because police believed "that [the victim's] story [was] the truth, [Hillman's] a lie [.]"  *Id.* at pp. 205-206.  Ms. Crockett continued to question Easley and he admitted any conclusion he made based on the DNA evidence was only his "opinion[,]" and the determination of Hillman's guilt was ultimately a determination to be made by the jury.  *Id.* at p 206.

A mistrial is an extreme and drastic remedy to be resorted to only when there has been an error so prejudicial that justice cannot be served by continuing the trial.  *Fletcher v. State,* 2015 Ark. 106, 107, 458 S.W. 3d 234, 240.  Officer Easley's testimony did not warrant a mistrial motion and counsel was not ineffective for failing to make one.  Trial counsel questioned him extensively during cross-examination making clear Easley's statements were only his personal opinion. Hillman has failed to demonstrate his trial counsel's performance was deficient or, that he was prejudiced by counsel's performance as it relates to Easley's testimony.

Accordingly, I recommend Plaintiff's claim for *habeas* relief based on ineffective trial counsel set forth in Grounds One and Two of the Petition be dismissed.

### 2) *Batson* objection

In Ground Three of the Petition, Hillman argues the trial court erred by denying his trial counsel's *Batson* objection concerning the State's use of their peremptory strikes to eliminate two of the three African American males in the jury pool.  Under established federal law, once a defendant makes a prima facie case of discrimination, the State must provide race-neutral reasons

for its peremptory strikes. *Batson v. Kentucky,* 476 U.S. 79 (1986). The trial judge must determine whether the prosecutor's stated reasons were the actual reasons or instead were a pretext for discrimination. *Id.* A claim that a state court misapplied the framework of *Batson* presents a legal question that is subject to the standard set forth in § 2254(d)(1). *E.g., Stenhouse v. Hobbs,* 631 F.3d 888, 891 (8th Cir. 2011). Hillman's contention that the trial court unreasonably determined two of the prosecution's peremptory strikes were not motivated by race is also subject to the standard for factual determinations set forth in 28 U.S.C. § 2254(d)(2). *E.g., Id.* A state court's factual determinations shall be presumed correct, and the petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Stenhouse,* 631 F.3d at 891.

Here, during jury selection, the State used its peremptory challenges to strike two of the three African American males from the jury pool – Mr. O'Donald and Mr. Atkins. A third African American man, Mr. Roberts, was seated on the jury. Hillman's counsel argued by striking the two men the State engaged in a pattern of racial discrimination. The State then offered its reasons for striking those jurors. The State explained Mr. Atkins was struck because, in a previous jury panel, he indicated he would not convict in a rape case without physical evidence of the defendant's guilt, such as DNA evidence. As for O'Donald, the State pointed out that Hillman's trial counsel had appeared on Mr. O'Donald's radio show, that O'Donald had agreed with her numerous times during *voir dire*, and O'Donald's daughter had been the victim in a previous case and may have had some animosity towards the State because of the outcome of the case.

After hearing the State's explanation, the court determined the State's reasons for striking these jurors was race neutral. The trial court denied the *Batson* challenge stating it did not believe

14

"there [was] even a hint of racial discrimination in this panel selection[.]"  ECF No. 14-2, p. 149.
The Court finds the state court's ruling was not contrary to clearly established federal law and was
a reasonable application of *Batson*.  Accordingly, I recommend Hillman's claim based on denial
of his counsel's *Batson* objection during jury selection be dismissed.

### 3) Prosecutorial Misconduct

Hillman alleges three separate grounds of prosecutorial misconduct in the instant Petition
which he argues entitles him to *habeas* relief.  Even under a *de novo* standard, prosecutorial
misconduct does not merit federal *habeas* relief unless the misconduct infected the trial with
enough unfairness to render the petitioner's conviction a denial of due process.  *Stringer v.
Hedgepeth,* 280 F.3d 826, 829 (8th Cir. 2002).  A prosecutor's misconduct violates due process if
the defendant was prejudiced by the prosecutor's actions to the extent the proceeding was
fundamentally unfair.  *Dodd v. Nix,* 48 F.3d 1071, 1075 (8th Cir. 1995).  "[T]he touchstone of due
process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the
culpability of the prosecutor."  *Smith v. Phillips,* 455 U.S. 209, 219 (1982).  The Court will now
address each ground in turn.

First, in Ground Four Hillman claims the prosecutor – Ms. Robertson - represented him
during his criminal proceeding.  He states when she was in private practice, she helped his trial
attorney get a continuance in his case and then later prosecuted him in that case.  ECF No. 1, p. 9.
Hillman raised this claim for the first time in his Rule 37 Petition.  In response to the Rule 37
Petition, Ms. Roberson submitted an affidavit in which she stated on April 18, 2017, before she
went to work for the prosecutor's office, she was contacted by Ms. Crockett to obtain a continuance
in Hillman's criminal case.  She goes on to state she obtained Hillman's signature on the pleading

and signed the pleading for Ms. Crockett.  In addition, Ms. Robertson stated, "I did not know anything about the charge, I did not receive any information about [Hillman], [and] I did not administer any legal advice to [Hillman]."  Based on this affidavit, the Rule 37 court found Robertson did not represent Hillman during the pretrial stage, or any other stage, but merely "stood in" for Hillman's attorney to obtain a routine continuance.  The court found Hillman's claim of prosecutorial misconduct and prejudice was "not supported by the record."

The Court finds the state court's ruling on the merits of the claim alleging prosecutorial misconduct set forth in Ground Four was not contrary to clearly established federal law, nor did it involve an unreasonable application of federal law concerning prosecutorial misconduct and it should be given deference under the AEDPA.  Likewise, the Court finds Hillman has not demonstrated the state court made an unreasonable determination of the facts.  Accordingly, I recommend this claim be dismissed.

Next, Plaintiff argues he is entitled to *habeas* relief in Ground Five of the Petition because the prosecutor withheld evidence of an arrest warrant for the victim in violation of his due process rights under *Brady v. Maryland*.  Hillman raised this claim for the first time in his Rule 37 Petition. To establish a *Brady* violation, Hillman bears the burden of showing the government suppressed evidence, either willfully or inadvertently, that the evidence was favorable to him either because it was exculpatory or impeaching, and that it was material to the outcome at trial.  *Masten v. United States,* 752 F.3d 1142, 1146 (8th Cir. 2014).  Suppression of evidence amounts to a constitutional violation only if it deprives the defendant of a fair trial.  *United States v. Bagley,* 473 U.S. 667, 678 (1985).  A constitutional error occurs, and the conviction must be reversed, only if the evidence is material in the sense that its suppression undermines confidence in the outcome of the trial.  *Id.*

Such evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. *Strickler v. Greene,* 527 U.S. 263, 280 (1999).

According to the record, on the first day of Hillman's trial, the State disclosed that on the previous afternoon, an affidavit of arrest and an arrest warrant were issued for the victim in Hillman's case alleging she had committed theft of benefits. ECF No. 14-2, p. 255. At that time the trial court declined to rule whether the affidavit and warrant would be admissible or not but encouraged counsel to approach the bench and "tell me what you're [going to] use it for". *Id.* at p. 258. Hillman's counsel never attempted to use the evidence at the trial. The Rule 37 court found Hillman did not provide it with any proof the warrant for the victim was withheld by the prosecutor "or any proof how that would have impacted his trial." ECF No. 1, p. 20.

The record is clear the prosecutor did not withhold evidence of the issuance of warrants for the victim and Hillman's trial counsel received the evidence in time to use it for trial if she believed it was necessary. In addition, the evidence was not material, as it would not have changed the outcome of the trial because it would not have been admissible to impeach the victim. *See* Arkansas Rule of Evidence 609(a) (2016) (rule only allows evidence to impeach a witness where they have been "convicted" of a crime involving dishonesty). The state court's ruling on the merits of this claim was not contrary to clearly established law, nor did it involve an unreasonable application of federal law concerning prosecutorial misconduct. Likewise, Hillman has not demonstrated the state court made an unreasonable determination of the facts. Accordingly, the Court finds no *Brady* violation occurred and recommends Hillman's claim set forth in Ground Five be dismissed.

17

Finally, in Ground Six Hillman argues he is entitled to *habeas* relief because the prosecutor failed to introduce the medical examiner's notes of the victim's prior sexual history. Hillman raises this claim for the first time in the instant Petition.   As previously discussed in the analysis of Ground One, evidence of the victim's prior sexual conduct is not admissible under Arkansas Code Annotated Section 16-42-101(b) or Arkansas Rule of Evidence 411(b).  The State was not required to introduce evidence of the victim's prior sexual conduct.   Accordingly, Hillman's claim in Ground Six is without merit and I recommend the claim be dismissed.

### 4)  Ineffective assistance of appellate counsel

In Ground Seven of the Petition Hillman claims his counsel on direct appeal was ineffective because he failed to consult with Hillman about what claims to raise in the appeal, he failed to raise the issue of the *Batson* challenge, and he did not notify Hillman when his appeal was denied. Hillman raised this claim in his Rule 37 Petition in state court.   The court ruled the claim was meritless.  ECF No. 1, p. 20.

To establish ineffective assistance of appellate counsel, Hillman must show that counsel's performance was deficient, and prejudice resulted from that deficiency.  *United States v. Brown,* 528 F.3d 1030, 1032-1033 (8th Cir. 2008).  The deficient performance standard is rigorous.  *Id.* "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal."  *Jones v. Barnes,* 463 U.S. 745, 751 (1983). Therefore, absent contrary evidence, it is assumed appellate counsel's failure to raise a claim was an exercise of sound appellate strategy.  *Roe v. Delo,* 160 F.3d 416, 418 (8th Cir. 1998).  The prejudice standard is equally rigorous.  *Brown,* 528 F.3d at 1033.  Hillman must show the result of

18

the proceeding would have been different had he raised other issues on direct appeal. *Becht v. United States,* 403 F.3d 541, 546 (8th Cir. 2005), *cert. denied,* 546 U.S. 1177 (2006).

Here, in response to Hillman's Rule 37 Petition claim that he was ineffective, appellate counsel Mr. McGough filed an affidavit stating any arguments he could raise on appeal were limited by the trial record.  ECF No. 14-8.  McGough also stated he believed the best issue preserved in the record was the challenge to the sufficiency of the evidence, and this is what he argued.  While McGough admitted he did not consult with Hillman about what issues to raise on appeal, he stated Hillman never contacted him concerning claims that might be raised.  The Rule 37 court denied Hillman's claim for ineffective assistance of appellate counsel stating, "[Hillman] provides no evidence to suggest that his appeals attorney was ineffective."  ECF No. 1, p. 20.  The Court agrees with the state court's ruling and finds Hillman has not demonstrated the ruling was contrary to or an unreasonable application of *Strickland,* nor has he shown it was based on an unreasonable determination of the facts in light of the evidence in the record.  *See Abernathy v. Hobbs,* 748 F.3d 813, 817-818 (8th Cir. 2014).

As to Hillman's claim regarding the *Batson* challenge, the Court agrees with the state court's conclusion that the State provided race-neutral reasons for the peremptory strikes on Mr. Atkins and Mr. O'Donald and there was no "hint" of discrimination in selecting the jury.  In addition, Plaintiff's claim his appellate counsel was ineffective for failing to notify him the appeal had been denied is also without merit.  This claim is completely undermined by the fact Hillman filed a timely Rule 37 Petition after the appeal was denied.

Accordingly, the Court recommends Hillman's claims for ineffective appellate counsel in Ground Seven of the Petition be dismissed.

19

## IV.  CONCLUSION AND RECOMMENDATION

For the reasons set forth above, Hillman's claims for *habeas* relief are procedurally defaulted and fail on the merits.  Accordingly, it is recommended the Petition be denied and dismissed with prejudice.  **I further recommend no Certificate of Appealability issue in this matter.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED this 20th day of July 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE